UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SARA RIMMLER, | AMENDED REPORT |
| Plaintiff, | and |
| v. | RECOMMENDATION |
| USAA CASUALTY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, and CHUBB & SON, INC., | 23-CV-23-JLS-LGF |
| Defendants. | |

_____

APPEARANCES:  PAUL WILLIAM BELTZ, P.C.
Attorney for Plaintiff
ANNE B. RIMMLER, and
PHILIP L. RIMMLER, of Counsel
36 Church Street
Buffalo, New York 14202

BURGIO, CURVIN & BANKER
Attorneys for Defendant USAA Casualty Ins. Co.
HILARY C. BANKER, of Counsel
496 Main Street
Buffalo, New York 14202

BARCLAY DAMON LLP
Attorneys for Defendants Federal Ins. Co. and
 Chubb & Son, Inc.
CHARLES J. ENGLERT, and
VINCENT G. SACCOMANDO, of Counsel
The Avant Building
200 Delaware Avenue
Suite 1200
Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on

January 12, 2023, for all pretrial matters including preparation of a report and

recommendation on dispositive motions. (Dkt. 3). The matter is presently before the court on Plaintiff's amended motion to remand the matter to state court[1] filed February 15, 2023 (Dkt. 13),[2] and Defendants Federal Insurance Company and Chubb & Son, Inc.'s cross-motion to dismiss the Complaint as against Chubb & Son, Inc., filed March 17, 2023 (Dkt. 19).

## **BACKGROUND and FACTS**[3]

On May 22, 2016, Plaintiff Sara Rimmler ("Plaintiff" or "Rimmler"), was walking on Elmwood Avenue in Buffalo, New York, when she was struck by a motor vehicle operated by Louis Rosario ("the tortfeasor" or "Rosario"), allegedly suffering severe injuries ("the accident"). At the time of the accident, Plaintiff was covered by an insurance policy issued by Defendant USAA Casualty Insurance Company ("USAA Casualty") to Philip Rimmler and Anne Rimmler ("the Rimmlers") for $ 1,000,000 coverage of supplementary uninsured/underinsured motorist benefits ("the USAA Casualty policy"), another insurance policy issued by Defendant Federal Insurance Company ("Federal") to the Rimmlers for $ 1,000,000 coverage of excess supplementary uninsured/underinsured motorist benefits ("the Federal policy"), and another insurance policy issued by Defendant Chubb & Son, Inc ("Chubb"), to the Rimmlers for $ 1,000,000 coverage of excess supplementary uninsured/underinsured

---

[1] A question of remand is considered dispositive under 28 U.S.C. § 636(b)(1)(A). *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (motions to remand are dispositive).
[2] Plaintiff's motion to remand was originally filed on February 10, 2023 (Dkt. 8). A comparison between Plaintiff's papers filed February 10, 2023, and those filed February 15, 2023 show the latter essentially contain additional facts.
[3] The Facts are taken from the pleadings and motion papers filed in this action.

motorist benefits ("the Chubb policy").  The tortfeasor was insured by GEICO General Insurance Company ("GEICO") with policy/liability limits of $ 25,000 per person and $ 50,000 per accident.

On May 23, 2016, Plaintiff's attorneys placed both USAA Casualty and Chubb on written notice of a potential uninsured/underinsured motorist's claim for the accident. On July 14, 2016, Geico offered to Plaintiff $ 25,000 to settle Plaintiff's claim against Rosario for the accident.  Plaintiff's claims also exceed the combined amount of the insurance policies.  Plaintiff accepted GEICO's offer and executed a release to GEICO on September 21, 2016.  Philip Rimmler notified both Defendants USAA Casualty and Chubb that Plaintiff intended to pursue a claim against USAA Casualty and Chubb for supplemental underinsured motorist ("SUM") and other benefits available respectively through the USAA Casualty and Chubb policies.  According to Plaintiff, there remains underinsurance coverage of $ 975,000 available through USAA after the $ 25,000 offset of GEICO's settlement on behalf of the tortfeasor's insurance policy, and coverage of $ 1,000,000 available through the Chubb policy ("the underinsurance claims").  When both USAA Casualty and Chubb refused to pay Plaintiff's underinsurance claims, Plaintiff commenced this action on May 20, 2022 by filing a complaint in New York Supreme Court, Erie County ("state court") (Dkt. 1-2) ("Complaint").

The Complaint names as Defendants United Services Automobile Association a/k/a USAA Auto ("USAA Auto"), USAA Insurance Agency, Inc. a/k/a USAA Insurance ("USAA Insurance"), USAA Casualty Insurance Company ("USAA Casualty") (together, "USAA Defendants"), and Federal Insurance Company ("Federal"), and Chubb & Son, Inc. ("Chubb") (together, "Chubb Defendants").  According to the Complaint, the USAA

Defendants and Federal are foreign, *i.e.*, non-New York State, insurance companies, Complaint ¶¶ 2-6, 8. The Complaint does not allege a domicile for Defendant Chubb. Affidavits of service show service of process was made on August 18, 2022 on Federal (Dkts. 1-7 and 13-8), "USAA"[4] (Dkt. 1-8), and USAA Casualty (Dkts. 1-9 and 13-9), and on August 19, 2022 on Chubb (Dkts. 1-6 and 13-5), and USAA Insurance (Dkt. 1-12). Answers were filed in state court by the USAA Defendants on August 25, 2022 (Dkt. 1-5), and by the Chubb Defendants on September 21, 2022 (Dkt. 1-14).

On October 28, 2022, The USAA Defendants moved in state court to dismiss the Complaint against Defendants USAA Auto and USAA Insurance. Dkt. 19-3 ("USAA Defendants' state court motion"). On December 20, 2022, USAA Defendants' state court motion was granted by New York State Supreme Court Justice Dennis E. Ward ("Justice Ward") and the Complaint was dismissed as against Defendants USAA Auto and USAA Insurance. Dkt. 19-4 ("State Court Decision").[5] Remaining as Defendants to this action are USAA Casualty, Federal, and Chubb ("Defendants").

On January 11, 2023, Defendant USAA Casualty removed the action to this court, asserting diversity as the basis for subject matter jurisdiction in this court (Dkt. 1) ("notice of removal"), attaching exhibits A through A-13, A-18 through A-29, and A-30 through A-31 (Dkts. 1-2 through 1-28). On February 10, 2023, Plaintiff filed the original motion to remand (Dkt. 10). On February 15, 2023, Plaintiff filed the amended motion to remand the action to state court (Dkt. 13) ("Plaintiff's amended motion"), attaching in support the amended notice of motion (Dkt. 13-1), the Amended Declaration of Anne B. Rimmler in Support of Motion to Remand to State Court (Dkt. 13-2) ("Rimmler Amended

---

[4] "USAA" is not otherwise specified or identified in this document.
[5] Copies of the State Court Decision are filed as Dkt. 19-4 and 24-7.

4

Declaration"), the Amended Memorandum of Law (Dkt. 13-3) ("Plaintiff's Amended Memorandum"), and exhibits A through A through H (Dkts. 13-4 through 13-11) ("Plaintiff's Exh(s). __").

On March 17, 2023, Chubb Defendants filed a cross-motion for summary judgment seeking to dismiss the action as against Chubb (Dkt. 19) ("Chubb Defendants' motion"), attaching the Rule 56 Statement of Material Facts (Dkt. 19-1) ("Chubb Defendants' Statement of Facts"), the Sworn Declaration [of Charles J. Englert, III, Esq.][6] in Opposition to Plaintiff's Motion to Remand and [in] Support of Chubb & Son, Inc.'s Motion for Summary Judgment (Dkt. 19-2) ("Englert Declaration") with exhibits A and B (Dkts. 19-3 and 19-4) ("Chubb Defendants' Exh(s). __"), the Affidavit [of Brandon M. Peene] in Opposition to Plaintiff's Motion to Remand and in Support of Defendant Chubb and Son, Inc.'s Cross Motion (Dkt. 19-5) ("Peene Affidavit"), the Affidavit [of Ester Strenzence] in Opposition to Plaintiff's Motion to Remand and in Support of Defendant Chubb and Son, Inc.'s Cross Motion (Dkt. 19-6) ("Strenzence Affidavit") with exhibit A (Dkt. 19-7) ("Strenzence Exh. A"), and the Memorandum of Law Opposing Plaintiff's Motion to Remand and in Support of Chubb and Son, Inc.'s Motion for Summary Judgment (Dkt. 19-8) ("Chubb Defendants' Memorandum").  Also filed by USAA Casualty on March 17, 2023 were the Affirmation [of Hilary C. Banker, Esq.] in Response to Plaintiff's Motion to Remand to State Court (Dkt. 20) ("Banker Affirmation"), attaching exhibits A and B (Dkts. 20-1 and 20-2) ("Banker Affirmation Exh(s). __").

---

[6] Unless otherwise indicated, bracketed material has been added.

On April 7, 2023, Plaintiff filed the Declaration [of Anne B. Rimmler, Esq.] in Reply Regarding Motion to Remand and in Opposition to Chubb's Summary Judgment Motion (Dkt. 24) ("Rimmler Reply Declaration"), attaching exhibits A through J (Dkts. 24-1 through 24-10) ("Plaintiff's Reply Exh(s). __"), the Response to Defendants, Federal Insurance Company and Chubb & Son, Inc's Statement of Material Facts Under Rule 56(a) (Dkt. 24-11) ("Plaintiff's Response Statement of Fact"), and the Reply Memorandum of Law (Dkt. 24-12) ("Plaintiff's Reply").[7]  On April 12, 2023, Chubb Defendants filed the Sworn Declaration [of Charles J. Englert, III, Esq.] in Further Support of Chubb & Son, Inc.'s Motion for Summary Judgment (Dkt. 25) ("Englert Reply Declaration").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's amended motion should be GRANTED with the matter remanded to state court along with Chubb Defendants' motion for summary judgment.  Alternatively, Chubb Defendants' motion for summary judgment should be DENIED; Plaintiff's amended motion for remand should be GRANTED, and the matter remanded to state court.

## DISCUSSION

**1.   Remand**

In support of remand, Plaintiff argues that Defendant Chubb was incorporated in New York State such that its presence in this action destroys diversity jurisdiction, Plaintiff's Amended Memorandum at 3-4, and Defendants' removal of the action to this court was not timely.  *Id*. at 5-7.  In opposition, Chubb Defendants argue Chubb has no

---

[7] The record is unclear as to the relationship between Defendants Chubb and Federal.

connection to this action such that its presence does not destroy diversity jurisdiction, Chubb Defendants' Memorandum at 1-3, Chubb has no obligation to Plaintiff pursuant to the insurance policies issued by Chubb and Federal that are the subject of this action, *id*. at 3-4, and Defendant USAA Casualty's removal of the action was timely because is was done within 30 days of the December 20, 2022 State Court Decision dismissing from this action Defendants USAA Auto and USAA Insurance, both of whom Chubb asserts are non-diverse. *Id*. at 4-5. Defendant USAA Casualty also argues in opposition to remand that the action could not be removed until Judge Ward's State Court Decision dismissed the action as against both USAA Auto and USAA Insurance which USAA Casualty maintains are non-diverse. Banker Affirmation ¶¶ 4-5. In further support of remand, Plaintiff argues that Defendants USAA Auto and USAA Insurance are not non-diverse entities such that Defendants did not have to await the December 20, 2022 State Court Decision dismissing the entities from the action prior to removing from state court, Plaintiff's Reply at 3-4, and the removal on January 11, 2023 was untimely. *Id*. at 4-6.

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) (" § 1441(a)"), which states in pertinent part

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

The removal statute is construed according to federal law. *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 32 (2002); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* 488 F.3d 112, 124 (2d Cir.2007) ("MTBE"). Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of

7

federalism, removal statutes are narrowly construed and doubts are resolved against removal. *MTBE,* 488 F.3d at 124. A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court, as in the case of federal question, and that defendant bears the burden of showing the propriety of that removal. *Grimo v. Blue Cross/Blue Shield of Vermont,* 34 F.3d 148, 151 (2d Cir.1994). In relevant part, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Preliminarily, in the instant case, there is no indication the Chubb Defendants joined USAA Casualty in removing the action to this court. "Although there is no express statutory requirement that all defendants either join the petition for removal or consent to such removal, there is widespread agreement among the district courts, including those in the Second Circuit, that 'all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" *Ell v. S.E.T. Landscape Design, Inc.,* 34 F. Supp. 2d 188, 193-94 (S.D.N.Y. 1999) (quoting *Still v. DeBuono,* 927 F.Supp. 125, 129 (S.D.N.Y.1996), *aff'd on other grounds,* 101 F.3d 888 (2d Cir .1996),) and citing *Codapro Corp. v. Wilson,* 997 F.Supp. 322 (E.D.N.Y.1998); *Town of Moreau v. State Dep't of Environmental Conservation*, 1997 WL 243258 (N.D.N.Y. May 5, 1997); *Rosendale v. Citibank*, 1995 WL 329296 (S.D.N.Y. June 1, 1995); and *Parisi v. Rochester Cardiothoracic Assoc.,* 1992 WL 470521 (W.D.N.Y. June 29, 1992). "This 'rule of unanimity' applies regardless of whether the removing parties predicate federal subject matter jurisdiction on diversity or federal question." *Borden v. Blue Cross & Blue Shield of W. New York*, 418 F. Supp. 2d 266,

8

270 (W.D.N.Y. 2006) (citing *Ell,* 34 F.Supp.2d at 194).  A few recognized exceptions excuse defendants from joining in removal including where the non-joining defendants were not served, are nominal or formal parties, and where "the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."  *Novick v. Bankers Life Ins. Co. of New York*, 2006 WL 191945, at *1 (E.D.N.Y. Jan. 9, 2006), *vacated upon reconsideration*, 450 F.Supp.2d 196, 197-98 (E.D.N.Y. 2006) (the plaintiffs, by failing to challenge the failure of all defendants to timely consent to removal within 30 days of filing of notice of removal denied court authority to remand based on lack of joinder).  Nevertheless, "if a non-jurisdictional defect in the removal proceeding, such as the lack of unanimity, is not raised in a motion to remand, it is waived."  *Borden*, 418 F. Supp. 2d at 270 (citing *Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir.1995) (stating that 28 U.S.C. § 1447(c) does not authorize *sua sponte* remands for purely procedural defects); *Allstate Life Ins. Co. v. Hanson,* 200 F.Supp.2d 1012, 1015 (E.D.Wis.2002) (holding that a defect in removal procedure within the meaning of Section 1447(c) must be raised by a motion to remand within thirty days after filing the notice of removal, or it is waived)).  Here, Plaintiff has not raised Defendants' failure to comply with the rule of unanimity in removing the matter to this court and, accordingly, has waived such argument.

    A.    **Timeliness of Removal**

In support of remand, Plaintiff argues Defendant USAA Casualty's removal on January 11, 2023 was untimely because it occurred more than 30 days after USAA Casualty was served with the summons and Complaint on August 18, 2022.  Plaintiff's Amended Memorandum at 5-6.  In opposition, both Chubb Defendants and USAA

Casualty argue that USAA Casualty's removal was not possible until Judge Ward issued the December 20, 2022 State Court Decision dismissing the Complaint as against USAA Auto and USAA Insurance.  Chubb Defendants' Memorandum at 4-5; Banker Affirmation ¶ 4.  In further support of remand, Plaintiff maintains the dismissal of the Complaint as against USAA Auto and USAA Insurance was unnecessary because Plaintiff alleges both USAA Auto and USAA Insurance are Texas corporations.  Plaintiff's Reply at 3-4.

A motion to remove a civil action from a state court requires that a defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C.A. § 1446.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ."  28 U.S.C.A. § 1447(c).

Not addressed here by the parties is that although Plaintiff's original motion to remand (Dkt. 8), was filed February 10, 2023, exactly 30 days after Defendants removed the action to this court, Plaintiff's amended motion to remand (Dkt. 13) was filed on February 15, 2023, which is more than 30 days after Defendants removed the action to this court.  Defendants do not challenge the amended motion as untimely but even if the court were to strike the amended motion as untimely, the result would be to disregard the amended motion, leaving the original motion to be considered.  Significantly, Plaintiff's challenge that the removal was untimely was set forth in Plaintiff's original motion to remove, Dkt. 8-2 at 4-7, is identical to Plaintiff's timeliness argument raised in connection with Plaintiff's amended motion.  Plaintiff's Memorandum of Law (Dkt. 13-3) at 5-7.  Accordingly, even if Plaintiff's amended motion, filed more than 30 days of the filing of the notice of removal, is not considered, the original motion raises essentially the same arguments as the amended motion including that the Notice of Removal was untimely filed.

With regard to Plaintiff's argument that USAA Casualty removed the action to this court more than 30 days after being served with the Complaint on August 18, 2022, Plaintiff's Amended Memorandum at 5-6; Plaintiff's Reply at 3-4, 28 U.S.C. § 1446 provides, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Pursuant to the so-called "later-served rule," "each defendant has thirty days from when he received service to file a notice of removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012) (concluding a defendant whose time to remove has run can consent to the timely notice of removal

11

filed by another defendant"). Nevertheless, in the instant case, service on USAA Casualty was on August 18, 2022, such that the last day for USAA Casualty to remove was September 17, 2022,[8] Dkts. 1-10 and 13-9, such that the removal on January 11, 2023 was not timely.

The court considers Defendants' argument that removal was not possible until after Justice Ward dismissed USAA Auto and USAA Insurance as defendants, Chubb Defendants' Memorandum at 4-5, Banker Affirmation ¶ 4, is irrelevant. As Plaintiff argues, Plaintiff's Reply at 4, Plaintiff identified both USAA Auto and USAA Insurance in the Complaint as foreign corporations, *i.e.*, organized under the laws of Texas, Complaint ¶ 2 (USAA Auto), and ¶ 3 (USAA Insurance), such that their presence in the action did not destroy diversity jurisdiction, rendering their dismissal from the action unnecessary to permit removal.

Moreover, although Justice Ward's December 20, 2022 State Court Decision dismissed the Complaint against both USAA Auto and USAA Insurance, neither of the documents on which Chubb Defendants rely in opposing remand, including the Notice of Motion filed in state court in support of dismissal of the action against USAA Auto and USAA Insurance, Englert Declaration Exh. A (Dkt. 19-3) ("State Court Notice of Motion"), and the State Court Decision, Englert Declaration Exh. B (Dkt. 19-5); Plaintiff's Reply Exh. G (Dkt. 24-7), establishes that either USAA Auto or USAA Insurance is a New York corporation; rather, the State Court Notice of Motion merely indicates the motion seeks "[a]n Order dismissing the Complaint against "United Services Automobile

---

[8] The court notes that service on Chubb, the last-served Defendant, was made on August 19, 2022. Dkts. 1-6 and 13-5. Accordingly, the last day for Chubb to timely remove or to join in USAA Casualty's removal was September 18, 2022.

12

Association a/k/a USAA Auto" and "USAA Insurance Agency Inc. a/k/a USAA Insurance" together with such other further relief the court deems just and proper." State Court Notice of Motion at 1.  The "Grounds for Relief" in the State Court Notice of Motion is "CPLR § 3211" ("§ 3211"), *id*., which is the general citation to New York's procedural rule governing motions to dismiss in New York courts.  Although eleven separate grounds for dismissal are listed under § 3211, the precise reason for which dismissal is sought is not indicated.  Nor does the State Court Decision provide the precise basis for granting the motion.  *See* State Court Decision, *passim*.  The only reason gleaned from the record for the dismissal of USAA Auto and USAA Insurance as defendants to this action is found in the Attorney Affirmation of Hilary C. Banker, Esq., filed in connection with the motion filed in state court (Dkt. 1-16) ("Banker State Court Affirmation"), and in the  Affidavit of Monica Rangel ("Rangel") (Dkt. 13-10) ("Rangel Affidavit"), a Senior Litigation Manager with USAA Property & Casualty Insurance. Rangel Affidavit ¶ 1.  Both Banker and Rangel explain that although USAA Casualty issued the insurance policy pursuant to which Plaintiff filed a claim in connection with the accident, Banker State Court Affirmation ¶¶ 4-5; Rangel Affidavit ¶ 2, neither USAA Auto nor USAA Insurance issued or underwrote any SUM policy, Rangel Affidavit ¶ 3, nor does either entity exist.  *Id*.  According to both Banker and Rangel, "[t]he only proper defendant in this action is USAA Casualty Insurance Company."  Banker State Court Affirmation ¶ 5; Rangel Affidavit ¶ 3.

Defendant does not explain why it was necessary to seek the dismissal of nonextant defendants, which were alleged in the Complaint to be diverse, was required prior to removing the action to this court.  That USAA Casualty removed the action to

this court when Chubb, a New York corporation, remained a Defendant further belies the argument that USAA Casualty's removal more than 30 days after being served was excused by the need to await the dismissal of USAA Auto and USAA Insurance, which USAA Casualty maintains do not exist.  Accordingly, Plaintiff's amended motion to remand based on USAA Casualty's untimely removal should be GRANTED.  The remand of this action to state court renders the court without jurisdiction to consider Chubb Defendants' motion for summary judgment.  Chubb Defendants' motion thus should also be remanded to state court.

      **B.**      **Diversity**

      Should the District Judge disagree with the foregoing analysis that Defendant USAA Casualty's removal was untimely, it is undisputed that Chubb is a New York corporation and remains in the action, requiring the court address Chubb Defendant's cross-motion for summary judgment dismissing the Complaint as against Chubb for lack of involvement in any of the insurance policies on which Plaintiff seeks to recover.  Plaintiff argues Defendant Chubb is a New York corporation the presence of which destroys diversity jurisdiction.  Plaintiff's Amended Memorandum at 3-4.  In opposition to remand and in support of summary judgment, Chubb Defendants argue that the relevant insurance policy pursuant to which Plaintiff filed a claim is the Federal policy that was issued to Plaintiff's parents by Defendant Federal, Defendant Chubb has no connection to this case, and has no contractual obligations to Plaintiff such that its presence does not defeat diversity, Chubb Defendant's Memorandum at 1-4.  In further support of remand, and in opposition to summary judgment, Plaintiff references evidence that Chubb is a New York corporation and the excess insurance policy under

which Plaintiff seeks insurance payment is printed on documents bearing United States copyright issued to Chubb & Son Inc., establishing Chubb is the owner of such document. Plaintiff's Reply at 4-6.

In a case where removal of the action is based on diversity, the court "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *See Vera v. Saks & Co.*, 335 F.3d 109, 116, n. 2 (2d Cir.2003) ("The right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed."). On a motion for remand, the removing defendant "bears the burden of demonstrating the propriety of removal." *California Pub. Emps.' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). Further, the court has jurisdiction to determine whether subject matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2d Cir. 2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

As stated, Chubb Defendants seek summary judgment dismissing the action as against Chubb on the basis that Chubb has no connection to the insurance policies at issue. Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.

2003). The court is required to construe the evidence in the light most favorable to the non-moving party. *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

     Here, Chubb Defendants do not dispute that Chubb is a New York corporation whose presence in the action destroys diversity but, rather, that Chubb has not maintained regular operations since 1999, and did not issue or underwrite insurance policies, or handle claims in 2015 when the Federal policy was issued to Plaintiff's parents. Chubb Defendants' Memorandum at 1-4. In opposition, Plaintiff submits the fact that Chubb is mentioned in the copyright on every page of the Federal policy, and because under relevant copyright law, 17 U.S.C. § 201(a) and (b), the printing of the Federal policy on documents protected by a copyright issued to Chubb establishes Chubb is the rightful owner of the policy. Plaintiff's Reply at 5-6.

     As Plaintiff argues, Plaintiff's Reply at 6, a review of the Federal policy demonstrates it is printed on papers bearing Chubb's copyright. *See* Plaintiff's Reply Exh. E (Dkt. 24-5), *passim*. Careful review of the Federal policy also shows many

references to Chubb throughout the policy, including, *e.g.*, that the cover page states the policy is "Issued by: Federal Insurance Company," see Dkt. 24-5 at 2, contact information at the bottom of the cover page include the Internet website address www.chubb.com/personal, and the e-mail address customercare@chubb.com. *Id*. Other language appearing at the bottom of the coverage page states,

> Chubb Group of Insurance Companies ("Chubb") is the marketing name used to refer to the insurance subsidiaries of The Chubb Corporation. Chubb Personal Insurance ("CPI") is the personal lines property and casualty strategic business unit of Chubb & Son, a division of Federal Insurance Company, as manager and/or agent for the insurers of Chubb Group of Insurance Companies.
> Actual coverage is subject to the language of the policy. Coverage(s) may not be available in all jurisdictions.
> Chubb Personal Insurance, P.O. Box 1600, Whitehouse Station, NJ 08889-1800.

*Id*.

On a Premium Summary Renewal included with the Federal policy, with an effective policy period of October 22, 2015 to October 22, 2016, which dates include the date of the accident, it is stated "We are pleased to enclose your Chubb Masterpiece Policy . . . ." *Id*. at 5. The Premium Summary Renewal concludes with

> We appreciate your continued business. Since 1882, personal service and comprehensive coverages have been the hallmarks of the Chubb Group of Insurance Companies.
> Thank you for insuring through Chubb.

*Id*. at 6.

These statements call into question Chubb Defendants' argument, Chubb Defendants' Memorandum at 4, that Chubb "has not maintained regular operations since 1999, and did not issue insurance policies, underwrite insurance policies, or handle claims in 2015 when the Federal Policy was issued to Plaintiff's parents." Moreover, Plaintiff provides Documents from New York's Secretary of State showing

17

Chubb initialy filed as a domestic business corporation with New York's Department of States on June 3, 1959, continued to renew its biennial registration, and its status as of June 30, 2023 was "current." Plaintiff's Reply Exh. C (Dkt. 24-3).

On this record, issues of material fact exist regarding whether the relevant insurance policy on which Plaintiff seeks to recover SUM proceeds was issued or underwritten by Chubb. Accordingly, the court cannot grant Chubb Defendants' motion for summary judgment and Chubb thus remains a Defendant in this action. Chubb's presence destroys diversity jurisdiction requiring remand. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) ("'In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991), *superseded by rule on other grounds as recognized by Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008))). The court thus cannot dismiss Chubb as a Defendant from this action, and Chubb's presence destroys diversity jurisdiction requiring remand pursuant to 28 U.S.C. § 1447(c).

Chubb Defendants' motion for summary judgment should be DENIED; Plaintiff's amended motion for remand should be GRANTED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's amended motion (Dkt. 13) should be GRANTED and the matter REMANDED to New York Supreme Court, Erie County, along with Chubb Defendants' cross-motion for summary judgment (Dkt. 19). Alternatively, Chubb Defendants' cross-motion for summary judgment (Dkt. 19) should be DENIED, with Chubb remaining a Defendant to this action, destroying diversity jurisdiction such that Plaintiff's amended motion to remand (Dkt. 13), should be GRANTED and the matter REMANDED to New York Supreme Court, Erie County.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    November 22, 2023
         Buffalo, New York

**ORDERED** that this Amended Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Amended Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Amended Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Amended Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   November 22, 2023
         Buffalo, New York