UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARA RIMMLER,

       Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, and CHUBB & SON,

       Defendants.

_____

23-CV-23 (JLS) (LGF)

## DECISION AND ORDER

Plaintiff commenced an action in Supreme Court, Erie County, on May 20, 2022, asserting claims based on injuries she sustained when she was struck by a motor vehicle while walking on a city street in Buffalo. *See* Dkt. 1-4. Defendants removed the action to this Court on January 11, 2023. Dkt. 1. The case was referred to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 3.

On February 10, 2023, Plaintiff moved to remand the case to state court. Dkt. 8. She filed an amended motion on February 15, 2023. Dkt. 13. On March 17, 2023, Defendants opposed Plaintiff's [13] motion, Dkt. 20, and cross-moved for summary judgment. Dkt. 19. Plaintiff thereafter filed a combined document in which she: (1) replied to Defendants' opposition to her motion for remand; and (2) opposed Defendants' motion for summary judgment. Dkt. 24. Defendants replied in further support of their [19] motion. Dkt. 25.

On November 21, 2023, Judge Foschio issued a Report and Recommendation. Dkt. 26. He issued an Amended Report and Recommendation (the "R&R") the next day. Dkt. 27. The R&R recommends that "Plaintiff's amended motion (Dkt. 13) should be GRANTED and the matter REMANDED to New York Supreme Court, Erie County, along with Chubb Defendants' cross-motion for summary judgment (Dkt. 19). Alternatively, Chubb Defendants' cross-motion for summary judgment (Dkt. 19) should be DENIED, with Chubb remaining a Defendant to this action, destroying diversity jurisdiction such that Plaintiff's amended motion to remand (Dkt. 13), should be GRANTED and the matter REMANDED to New York Supreme Court, Erie County." *Id.* at 19.

On December 6, 2023, Defendant USAA Casualty Insurance Company objected to the R&R. Dkt. 28. It argues that "Defendant, CHUBB & SON, INC., is not a proper party to this action and the presence of Defendant CHUBB & SON, INC. should not defeat diversity as Plaintiff and Defendant, CHUBB & SON, INC., are not entities amongst whom a dispute exists, nor do such parties have adverse legal interests." *Id.* ¶ 4. Plaintiff responded in opposition on January 3, 2024. Dkt. 32. No reply was filed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

2

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's recommendation. For the reasons stated above and in the R&R, Plaintiff's [13] motion is GRANTED. The matter is remanded to state court.

SO ORDERED.

Dated:        January 22, 2024
              Buffalo, New York

                                          _____
                                          JOHN L. SINATRA, JR.
                                          UNITED STATES DISTRICT JUDGE